ISRAEL K. ESTES, appellant, *vs.* OLIVER W. WHITE.

*Costs.   Jurisdiction—depends on ad damnum.*

In an action appealed from the Lewiston municipal court, the original *ad damnum* was thirty dollars. The plaintiff obtained a verdict in the supreme court for less than twenty dollars—judgment below having been rendered against him—and was held entitled to full costs.

ON EXCEPTIONS.

ASSUMPSIT.   The action was commenced Dec. 1, 1871, by writ issued out of the municipal court for the city of Lewiston, returnable to its January, 1872, term, and was then entered therein. The plaintiff resided in Lisbon, Androscoggin county, and White at Topsham, in Sagadahoc county. The *ad damnum* was thirty dollars. The balance claimed as due on the account annexed was $17.93. The action was tried before that court, and judgment rendered for the defendant for $17.38, upon a set-off filed by him. The plaintiff appealed to this court and obtained a verdict for $16.43. The defendant then claimed that only quarter costs should be taxed, but the presiding justice ruled otherwise, and defendant excepted.

*Frye & Cotton,* for defendant.

The municipal court for the city of Lewiston was established by act approved February 17, 1871, Private and Special Laws of

Estes *v.* White.

1871, c. 636. It was granted concurrent jurisdiction with the supreme judicial court over all civil actions where the debt or damages demanded did not exceed $100, and either party resided in Androscoggin county. The plaintiff claimed a less sum than $20, as debt, although his *ad damnum* was set at $30. This was done to oust the jurisdiction of the courts of Sagadahoc county, in which it should have been brought. The verdict settles the amount for which the suit was brought. *Hervey* v. *Bangs*, 53 Maine, 514. This did not result from the set-off, for the plaintiff claimed less than twenty dollars as due him. Hence, only entitled to one-quarter costs. R. S., c. 82, § 107. By laws of 1872, c. 157, the jurisdiction of the municipal court was confined to Androscoggin county; there is no exception of pending cases. This act coming between the taking of the appeal and its entry in the appellate court, abates the action. Nor does it make any difference that the cause went to trial in the supreme court, since "consent cannot give jurisdiction." *Hatch* v. *Allen*, 27 Maine, 95; *Clark* v. *Connecticut*, 1 Munf. 160; *Fitzgerald* v. *Beebe*, 2 Eng. 305.

*Record & Hutchinson,* for plaintiff.

APPLETON, C. J. The Act of 1871, c. 636, establishing the municipal court for the city of Lewiston, was approved Feb. 17, 1871.

By § 2, the court has " original and concurrent jurisdiction with the supreme judicial court in all civil actions, when the debt or damages demanded do not exceed one hundred dollars, and the plaintiff or defendant resides in the county of Androscoggin," except in actions when the title to real estate is in controversy.

In the present case, the plaintiff resides in Androscoggin, and the defendant in Sagadahoc county. The damages demanded were thirty dollars, though the debt claimed was $17.93. It has been repeatedly held that the jurisdiction depends upon the damages demanded. *Hapgood* v. *Doherty*, 8 Gray, 373; *Ashuelot Bank* v. *Pearson*, 14 Gray, 521. If the defendant desired to raise

the question of jurisdiction, he should have done it at the commencement, and not at the close of litigation.

By the Act approved Feb. 27, 1872, c. 157, the original, concurrent jurisdiction of the municipal with that of the supreme judicial court, is limited to civil actions to be brought against a resident of Androscoggin county.

This suit was then pending, and was not affected by the Statute, which is prospective in its operation.   R. S., c. 1, § 3.

The general rule is that the party prevailing shall recover costs. R. S., c. 82, § 104.   This rule obtains except where, by some special enactment, a different one is established.   But none such is shown, except that by § 15 it is provided that " costs and fees allowed to parties and attorneys in all actions before said court, in which the debt or damage recovered shall not exceed twenty dollars, shall be the same allowed in actions before trial justices, except the plaintiff, if he recover, shall be allowed one dollar for his writ, and the defendant, if he recover, shall be allowed one dollar for his pleadings; but in cases where the amount recovered exceeds twenty dollars, costs and fees shall be the same allowed in the supreme judicial court, except that the defendant, if he recover, shall be allowed two dollars for his pleadings."   No provision is to be found limiting or restricting the plaintiff in a case like the present to quarter costs.   It follows, therefore, that the ruling of the presiding justice at *nisi prius* was correct, and the exceptions must be overruled.                              *Exceptions overruled.*

WALTON, BARROWS, DANFORTH, and VIRGIN, JJ., concurred.